# CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

    v.

Leigh Ann Kurtz

August 21, 2008

Case Nos. CR07-991, CR07-992

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant is before the Court on a *de novo* appeal of her driving under the influence charge. After the presentation of *ore tenus* evidence, Defendant moved to exclude the certificate of analysis and dismiss the case, arguing that the breath-testing device was not tested for accuracy in accordance with the relevant statutes and regulations. The Commonwealth contends that the equipment was tested and found to be accurate.

The certificate of analysis, filed pursuant to § 18.2-268.9, Code of Virginia (1950), as amended, recites that the equipment was tested and found to be accurate on February 28, 2007. The maintenance history shows that the instrument was serviced and certified on that same day. A Certificate of Instrument Accuracy dated April 26, 2007, also states that February 28, 2007, was the date of certification and further explains that "the above listed instrument was found to meet all requirements for accuracy and performance established by the Department of Forensic Science."

The Commonwealth and the Defendant both presented expert testimony concerning the testing and certification of the breath-testing device in question. The Commonwealth's expert explained that the device was properly tested and certified in accordance with the relevant law. However,

Defendant's expert made a distinction between the concept of the device being certified and its being calibrated. He explained that a calibration of the equipment must occur in order for it to be tested, while a certification simply amounts to the Commonwealth's putting their seal on something. He further stated that, since the maintenance history only shows that the device was certified, there is no evidence that the device was tested for accuracy after its servicing on February 28, 2007.

Va. Code § 18.2-268.9 states that the Department of Forensic Science "shall test the accuracy of the breath-testing equipment at least once every six months." The statute also states that any certificate produced from such testing shall determine and indicate that "the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate." Admissibility of the certificate is contingent on its being attested to by the individual conducting the breath test. The Regulations for Breath Alcohol Testing also state the same principles. See 6 VAC 40-20-20.

The Court does not accept the Defendant's expert's conclusion that the word, "certified," as used in the maintenance record excludes the fact that a calibration occurred, and only means that it received the seal of the Commonwealth. Rather, the Court is of the opinion that a certification of the device means a calibration or test was completed and the instrument was found to be accurate. That conclusion is in accordance with the testimony and opinion of the Commonwealth's expert.

In addition, the attestation clause of the Certificate of Accuracy that was issued pursuant to Va. Code § 18.2-268.9, declares that "the equipment on which the breath test was conducted has been tested within the past six months and found to be accurate." The certificate also specifically states that the device was tested and found to be accurate by the Department of Forensic Science on February 28, 2007. In the absence of clear evidence to the contrary, it is presumed that public officials properly discharged their official duties. *Gilmore v. Landsidle*, 252 Va. 288, 396 (1996).

Accordingly, the Court finds that the equipment used to determine the Defendant's alcohol level had been tested in accordance with the relevant statutes and regulations and found to be accurate. The Defendant's motion will be denied.